THE STATE, Appellant, *vs.* WOODWARD, Respondent.

1. See *State* v. *Kennon,* ante.
2. The supreme court will not interfere with the discretion exercised by an inferior court in quashing one or more bad counts in an indictment, although it would not have been bound to quash. In this state, the practice of quashing bad counts and allowing good ones to stand, is permitted.

*Appeal from St. Louis Criminal Court.*

Woodward was indicted under the 2d section of the act concerning "Lotteries." (R. C. 1845.) The indictment contained four counts. The first count charged that the defendant, on, &c., at, &c., "did unlawfully sell to divers persons unknown to the jurors aforesaid, tickets in a certain device in the nature of a lottery, called a raffle, which said raffle embraced certain books and other property to the value of five hundred dollars, and the value of which tickets was two dollars and fifty cents, against the peace and dignity of the state."

The other three counts it is unnecessary to set out, as they were admitted to be bad. A motion to quash was filed by the defendant, which was sustained as to the last three counts, and overruled as to the first. Subsequently, a motion to quash the first count was sustained. The state excepted, and appealed to this court.

*Clover,* (circuit attorney,) for the state, that the first count was good, cited 8 Mo. Rep. 612. 3 Denio, 99. 23 Wend. 420. 6 N. H. Rep. 53. 5 Pick. 41.

*Cline & Jamison,* for respondent. I. The quashing of the 2d, 3d and 4th counts, being unexcepted to by the state, had the effect to quash the entire indictment. (1 Chitt. Crim. Law, 168, 204. 3 Bacon's Abr. 574. Minor's Ala. Rep. 28.) II. The first count was bad. 1. A raffle is not a lottery. (2 Const. Rep. 128.) 2. The number of tickets sold, and value of each should have been stated. (*King* v. *Marshall,* 2 Kebl. 594. 1 Strange, 497. 5 Coke's Rep. 35. 2

State *v.* Woodward.

Ld. Raym. § 900, 1410.   4 Serg. & R.  194.   7 Serg. & R.
469.)   3. The indictment does not follow the language of the
statute creating the offence, by charging the defendant with
selling "*lottery* tickets." ( *State* v. *Byron*, 20 Mo. Rep.
1 Bailey, 144.   4 Porter, 410.   3 Penn. 142.   1 Nott &
McCord, 91.   3 McCord, 442.   2 Hill's (S. C.) Rep. 459.
6 Maryland, 263.   31 Maine, 401.   23 Miss. (1 Cushman,)
525.   2 Green, (Iowa,) 162.   3 Grattan, 590.   1 Gill, 54.
1 English, 165.)   III. As the count was bad, the court below
properly exercised its discretion in quashing it.   (4 Com. Dig.
545.   *Commonwealth* v. *Clark*, 6 Grattan, 675.)

RYLAND, Judge, delivered the opinion of the court.

The indictment is substantially the same as that against
Kennon.   The court sustained the first motion of the defend-
ant, made to quash the indictment, so far as to quash the sec-
ond, third and fourth counts in the indictment, and overruled
the said motion as to the first count.   The court afterwards sus-
tained a second motion to quash the first count ; so the indict-
ment is entirely quashed.

This court has repeatedly said that the courts below were
not bound to quash indictments *ex debito justitiæ*, and that
the practice had better be abandoned ; yet, we will not reverse
because the court has quashed a bad indictment, or a bad count
in an indictment.   We see, really, no serious objection to get-
ting clear of a bad count by quashing it.   One good count will
support a general verdict of guilty.   We have also said that
we will not interfere in the discretion of the courts below, in re-
gard to compelling or refusing to compel the circuit attorneys
to elect on which counts they will proceed to try the accused.

We are aware of the old practice, and the old cases mentioned
in the books, that an indictment is an entire thing, and that to
quash or strike out one count, destroys the whole ; but the
practice has never prevailed in this state.   We make these gen-
eral remarks, in order that the counsel may see, that, although

we consider his points in this regard of no avail, we did not overlook them.

This case will be remanded, and the question as to a raffle being in the meaning of our lottery act, is left open for the decision of the Criminal Court, as the facts may turn out in proof. The other judges concur.