STEVE DILL v. THE STATE.

*No. 1252.    Decided November 27th, 1895.*

1.    Indictment—Counts In—Same Offense.

It is specially provided by Art. 433, Code Crim. Proc., that an indictment may contain as many counts charging the same offense as the attorney preparing it may think necessary to insert.    The words "same offense," used in this article, means. same criminal transaction.

2.    Same—Burglary and Conspiracy to Commit—Election Between Counts.

While burglary, and conspiracy to commit burglary are two distinct offenses, still they may be properly joined in separate counts in the same indictment; and where it appears from the evidence that but one criminal transaction is involved, the court will not require an election and restrict the prosecution to a particular count.

3.    Evidence—Defendant's Testimony at the Examining Trial.

When it appears that a defendant has voluntarily testified at his examining trial, his statements are admissible against him on a subsequent trial whether he was, or was not, in arrest or cautioned at the time he made them.    Nor is there any law requiring the magistrate, or court holding the examining trial, to inform the prisoner, that he could testify if he wished, but that he did not have to testify unless he desired to do so; and a failure to so inform the prisoner constitutes no objection to the admissibility of his testimony on a subsequent trial.

4.    Conspiracy to Commit Burglary—Abandonment by Defendant.

When a party has entered into a conspiracy, by positive agreement, to commit a burglary, he may be convicted for conspiracy, which was a completed offense when

he entered into it, notwithstanding he subsequently withdraws from the actual commission of the burglary.

APPEAL from the District Court of Parker. Tried below before Hon. J. W. PATTERSON.

This appeal is from a conviction for conspiracy to commit burglary, the punishment assessed being two years' imprisonment in the penitentiary.

The indictment contained two counts, one for burglary, and one for conspiracy to commit burglary.

The house burglarized was the storehouse of one R. J. Waters. On the next day, after the burglary, the defendant and his brother, Dan Dill, were both arrested for the crime. When Dan Dill was arrested, he was searched, and some peculiar coins, which had been taken from the storehouse, were found upon him.

The parties were taken before a Justice of the Peace, who held an examining trial. At this trial, Dan Dill pleaded guilty, but stated that his brother, Steve Dill, this appellant, was not with him when he broke into and robbed the store. After the testimony of the other witnesses had been heard, the Justice asked this appellant, if he desired to testify, but did not caution him that, if he did testify, his testimony might be used against him. Defendant testified on the examining trial that: "On the evening before the offense, he went over to his father's house and saw his brother, Dan Dill, and Dan told him that he was going to rob Waters' store, and asked him to help him. Defendant said he agreed to meet Dan there that night, and help him, Dan Dill, burglarize R. J. Waters' storehouse. Dan Dill, he said, asked him, the defendant, to get some cartridges, and he agreed to do so, and meet him at the store that night. He said that they did meet at the storehouse at Poolville, that night, and he gave his brother, Dan, the cartridges. He said he did not go into the store, nor have anything to do with it, and tried to keep Dan out of the store. He left about 9 o'clock that night and went home. He agreed to meet Dan there, but did not have anything to do with it, and tried to keep Dan from going into the store, he was not there when Dan went in'."

On the trial, the State, over objections of defendant, permitted the Justice of the Peace, who held the examining trial, to testify to statements made by the defendant, as a witness, at the examining trial. The objection being, that at the time the defendant so testified, he was under arrest and the Justice had not informed him, that his testimony, if he did testify, could thereafter be used against, and not for, him.

After the evidence for the prosecution had been adduced on the trial, defendant requested the court to compel the District Attorney to elect upon which count of the indictment he would claim a conviction. The court declined to compel the prosecuting officer to elect.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

35th Crim. Rep.—15.

HURT, PRESIDING JUDGE.—The indictment in this case contains two counts; the first for burglary, the second for conspiracy to commit the same burglary. Appellant was convicted for the conspiracy. After the State had closed its evidence, counsel for appellant moved the court to compel the District Attorney to elect upon which count the State would prosecute. This motion was denied, and appellant excepted, reserving a bill. The evidence disclosed that the conspiracy or agreement was to commit the burglary charged in the first count. Now, while it is true that the offense called "conspiracy" was complete when the positive agreement was made between appellant and W. D. Dill to commit the burglary, and it is also true that the burglary and the conspiracy to commit the same are distinct offenses, still they may constitute but one criminal transaction. Our statute (Article 433, Code Crim. Proc.), provides that an indictment or information may contain as many counts charging the same offense as the attorney who prepares it may think necessary to insert. If the statute means when it says "the same offense" that the offenses must be technically the same, then theft and swindling cannot be inserted in the same indictment, in separate counts, nor can theft and receiving the stolen property, nor rape and incest, because, technically, they are separate and distinct offenses. We understand the meaning of the word "offense," as used in this statute, to be the same criminal transaction. This being so, the rule is that counts may be joined in the same indictment to meet the various aspects in which the evidence may present itself. And if it appears, after the case of the State is presented on the trial of the prisoner, that there is no more than one criminal transaction involved, the court will not restrict the prosecution to particular counts. People v. Austin, 1 Parker, Crim. Rep., 154. Of course, the rule that the court shall give in charge to the jury the law applicable to the case would restrict the court (if there was no evidence tending to support a count or counts) to that count or counts which have support in the evidence. There was an examination into this criminal transaction before a Justice of the Peace. The appellant was asked if he desired to make a statement. He answered that he did not. After the testimony for the State was in, the justice asked the appellant if he wished to take the stand in his own behalf. He said he did. He was then sworn, and testified in the case. Over the appellant's objection, the State proved by the justice and others the statements made in his evidence before the examining court. The objections urged to the admission in evidence of the testimony given by appellant before the justice were: "First, because the appellant was in custody, and was not cautioned; second, because his statements were not voluntary, he not being told that he could testify if he wished, but that he did not have to testify unless he desired to do so." To the first objection, if the accused voluntarily testifies for himself, his statements are admissible against him on a subsequent trial, whether he was or was not in arrest or cautioned. If, however, he did not make a statement, or testify voluntarily, neither the statement nor the testimony is evi-

dence against him.   We are not aware of any rule requiring the magistrate or the court to inform the prisoner that he could testify if he wished, but that he did not have to testify unless he desired to do so. As to whether appellant became a witness voluntarily, or did so because the magistrate told him to do so, there is some conflict in the testimony. The court, however, submitted this matter to the jury, telling them, in effect, not to use as evidence against the prisoner his testimony given before the magistrate, unless they believed that he voluntarily became a witness for himself.   Counsel for appellant requested the court to give to the jury this charge:   ''If you believe from the evidence that the defendant, Steve Dill, agreed and conspired with W. D. Dill to burglarize the store of R. J. Waters, but before the defendant or W. D. Dill did any act to carry out said agreement, Steve Dill revoked and abandoned his part of the agreement, and told said W. D. Dill that he (Steve Dill) would have nothing to do with said contemplated burglary, then the defendant, in that case, would not be guilty.''   If this instruction was intended to be applied to the burglary, then the refusal worked no injury to appellant, because he was acquitted of that offense.   If it had reference to the conspiracy, then it did not contain the law, because, when the appellant and W. D. Dill entered into a positive agreement to commit the burglary, the offense—namely, conspiracy—was complete, and a withdrawal therefrom is no atonement for the offense consummated. The judgment is affirmed.

*Affirmed.*