## Van Smith v. The State.

No. 1130. Decided January 10, 1912.

### 1.—Rape—Indictment—Election by State—Discretion of Court.

The question as to whether an indictment, containing more than one count charging different felonies, will be quashed or the State required to elect upon which count it will prosecute, is a matter within the discretion of the trial court, and where the court notified State's counsel, in a trial of rape, that he would be required to elect as soon as the testimony developed, enabled him to do so, there was no error, as such evidence would be admissible under one count. Davidson, Presiding Judge, dissenting.

### 2.—Same—Evidence—Other Acts of Carnal Intercourse.

Where, upon trial of rape, the evidence showed a continuing offense, there was no error in admitting in evidence more than one act of carnal intercourse: Following Battles v. State, 63 Texas Crim. Rep., 147. Davidson, Presiding Judge, dissenting.

### 3.—Same—Continuance—Exculpatory Evidence.

Where, upon trial of rape, the prosecutrix testified to a certain state of facts which the absent testimony positively contradicted, the defendant denying the whole transaction, the first application for continuance should have been granted, although the diligence to obtain said testimony may be questioned, defendant being without counsel at the time.

Appeal from the District Court of Clay. Tried below before the Hon. A. H. Carrigan.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Lucian W. Parrish,* for appellant.—On question of insufficiency of indictment in joining separate offenses: Crawford v. State, 19 S. W. Rep., 766; McKenzie v. State, 32 Texas Crim. Rep., 568; Betts v. State, 60 Texas Crim. Rep., 631, 133 S. W. Rep., 251; Fisher v. State, 33 Texas, 792; Peoples v. McKinney, 10 Mich., 54; State v. McNally, 55 Md., 559; State v. Lincoln, 49 N. H., 464; 33 Cyc., 1450.

On question of refusal to require State to elect before reading indictment: Betts v. State, 60 Texas Crim. Rep., 631, 133 S. W. Rep., 251; Crawford v. State, 19 S. W. Rep., 766.

On question of admitting testimony of other acts of carnal intercourse: Skidmore v. State, 57 Texas Crim. Rep., 497; Clifton v. State, 46 id., 18; Gillespie v. State, 49 id., 530; Wiggins v. State, 47 id., 538; French v. State, id., 571.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted by the grand jury of Clay County, charged with the offense of rape on his own daughter, who it is alleged was under fifteen years of age, and when tried was

convicted and his punishment assessed at fifteen years imprisonment in the penitentiary.

The indictment contained five counts, the first being: "In the name and by the authority of the State of Texas: The grand jurors for the county of Clay, State aforesaid, duly organized as such at the October term, A. D., 1910, of the District Court of said county, upon their oaths in said court present that Van Smith, on or about the first day of November, One Thousand Nine Hundred and Nine (A. D. 1909), and anterior to the presentment of this indictment, in the county of Clay and State of Texas, did then and there unlawfully make an assault in and upon the person of Mabel Smith, a female then and there being under the age of fifteen years, and she, the said Mabel Smith, not then and there being the wife of the said Van Smith, and the said Van Smith did then and there ravish and have carnal knowledge of the said Mabel Smith against the peace and dignity of the State." The other counts contained the same allegations, except that in the second count the date of the offense is on or about the 1st day of January; in the 3d, the 1st day of May; in the 4th, the 1st day of July, and in the 5th, the 15th day of August, 1910.

Appellant's attorneys moved first to quash the indictment on the ground that it alleged five separate and distinct offenses. When this was overruled, appellant filed a motion to require the State to elect on which count it would prosecute appellant. In approving this bill of exceptions the court states: "The foregoing bill is approved with this statement: That the court did not refuse to require the State to elect upon which count in the indictment it would rely for a conviction; but that he stated to the district attorney that he would require him to elect at the close of the testimony in chief by the State upon which count he would rely for a conviction, and at the close of the examination of the witness Mabel Smith, the district attorney voluntarily elected to rely upon the 5th count in the indictment, and upon motion of defendant's counsel the court instructed the jury then and there not to consider any testimony, except that offered in the 5th count in the indictment."

In discussing the question here involved, in the case of the State v. Parish, 104 N. C., 679, it is held: "While the practice of requiring the prosecution to elect, in some instances, between the different counts of a bill of indictment, or between distinct transactions, each constituting the offense charged in a particular count, prevails both in England and in the different States of this country, the weight of authority has established, generally, the rule that it rests in the sound discretion of the nisi prius judge to determine whether he will compel an election at all, and if so, at what stage of the trial. 1 Bishop's Crim. Pro., sec. 205; ibid, secs. 6 to 9; 1 Roscoe on Cr. Ev., Marg., p. 207; 1 Wharton's Crim. Law, sec. 423; State v. Woodward, 21 Mo., 265; 3 Hill's Reports, 159; State v. Haney, 2 Dev. &

Bat., 390. . . . The better rule for the exercise of this discretion is, that the election ought to be made, not merely before the case goes to the jury, as it is sometimes laid down, but before the prisoner is called on for his defense at the latest. Roscoe Cr. Ev., Marg., p. 208; Bishop's Cr. Pro., sec. 215; State v. Smith, 22 Vermont, 74. It is true that a different rule was adopted in Michigan, and in the interpretation of one particular statute in Alabama. But the courts of those States stood almost alone in so limiting the sound discretion of the trial judge, and especially in driving the prosecution to an election before any evidence is heard, or at an early stage in its development. State v. Czarikow, 20 Ark., 160; Kane v. People, 8 Wend., 203; State v. Slye, 26 Me., 212; State v. Haney, 2 Dev. & Bat., 390; State v. Reel, 80 N. C., 442.

"There has been less controversy about the exercise of the legal discretion where testimony as to various transactions, each one constituting, if the evidence is believed, a misdemeanor, has been heard. In such cases nearly all the courts conceded the right of the presiding judge in his discretion to refuse to drive the prosecution to the election at all, but some go so far as to doubt the power of the court to compel an election. 1 Bish. Crim. Pro., sec. 209; Kane v. People, supra.

"This court has repeatedly held that the presiding judge might, in his discretion, hear the evidence on a number of counts in a single indictment charging felony, or 'on a number of distinct bills, treating each as a count of the same bill,' and refuse to require the solicitor to elect till the close of the evidence for the State. State v. Hastings, 86 N. C., 596; State v. Dixon, 78 N. C., 558; State v. Watts, 82 N. C., 656; State v. Haney, supra, and State v. Reel, supra.

"In State v. McNeill, 93 N. C., 552, Justice Merrimon, delivering the opinion, says: 'So that *distinct felonies of the same nature* may be charged in *different* counts in the same indictment, and two indictments for the same offense may be treated as one containing different counts, subject to the right of the defendant to *move to quash*, in case of *inconsistent* counts, and the *power of the court* to require the prosecuting officer to elect the count or indictment on which he will insist. This certainly may be done, and we can see no substantial reason why the same rule of practice may not apply to several indictments against the same parties for like offenses, when the just administration of criminal justice will thereby be survived.' In State v. Haney, supra, Judge Gaston says: 'It is, however, in the discretion of the court to quash an indictment or compel the prosecutor to elect on which count he will proceed, when the counts charge offenses actually distinct and separate.'

"In State v. Morrison, 85 N. C., 561, Justice Ruffin, for the court, says: 'The common law rule is, that if an indictment contains charges distinct in themselves and growing out of separate transac-

tions, the prosecutor may be made to elect, or the court may quash.' It is seen that the court did not overrule the motion to require the State to elect, but stated to the district attorney that the court would require him to elect at the close of the testimony for the State in chief, and the district attorney did make an election at the close of the testimony of the first State's witness, and before the defendant was required to introduce any ‘ testimony, and the court instructed the jury that defendant was on trial only under the fifth count in the indictment. McKinzie v. State, 32 Texas Crim. Rep., 568; Reagan v: State, 27 Texas Crim. App., 227. In Dalton v. State, 4 Texas Crim. App., 333, it is held:

"Both by precedent and authority the rule is now well settled 'that it is permissible to charge in separate counts two or more offenses in the same indictment.' 1 Bishop's Cr. Proc.; ch. 32; 1 Archb. Cr. Proc., sec. 39. -And Mr. Wharton says it can not be objected in error that two or more offenses of the same nature, on which the same or a similar judgment may be given, are contained in different counts in the same indictment; nor can such objection be maintained either on demurrer or arrest. 1 Whart. Cr. Law, sec. 415.

"And again: 'In cases of felony, when two or more distinct offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect on which charge he will proceed; but such election will not be required to be made where several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the .charges being substantially for the same offense.' 1 Whart. Cr. Law, sec. 416; Weathersby v. The State, 1 Texas Ct. App., 643; Dill v. The State, 1 Texas Ct. App., 278; Waddell v. The State, 1 Texas Ct. App., 720.

"As to the time when an election should be made, the authorities are not agreed. Our Supreme Court, in Lunn v. The State, 44 Texas, 85, says: 'The prosecuting officer should not be required to make the election before he has examined the witnesses far enough to identify the transactions to which the testimony relates, without going into details. When this has been done, the election should then, as a general rule, be made before defendant offers his evidence.' That case, however, was essentially different from the one we are considering, in this respect: that not only were two distinct offenses charged in the indictment, but it was further shown that the hogs were not all stolen on one occasion, but at different times. The necessity for an election in such a case is too apparent for comment."

It is thus seen that whether an indictment, containing more than one count charging different felonies, will be quashed or the State required to elect upon which count it will prosecute, is a matter within the discretion of the trial court, and the court in this instance, having notified the State's counsel he would be required to elect as soon as the testimony was developed sufficiently to enable him to do so, there was no such error in this matter as should cause a reversal

of the case, inasmuch as we have held that in this character of case all the evidence would be admissible under one-count in the indictment. The prosecuting witness testified: "My name is Mabel Smith. . . . I know what my father has been arrested for and what he is charged with. During the last twelve months out there my father had sexual intercourse with me. My father had sexual intercourse with me along during the months of November and December, 1909—this occurred in the house—in the house that we lived in—out here where we live. I know it is a fact that he had intercourse with me during the months of November or December of 1909; he had intercourse with me at night; he did have carnal intercourse with me by force. During the twelve months intervening from the first of November, 1909, up to the time of my father's arrest, he had intercourse with me at different times—he had intercourse with me during that time about twice or three times a week—he did this during the last year that I lived with him—he had intercourse with me during each month of the present year, beginning from January the first up to the time that he was arrested, and as many as twice or three times a week in each month—all of these acts of intercourse occurred in the house and in the bed—I never had intercourse with my father in the daytime. I never had intercourse with my father at any other place except in the bed there at home— my father said that he would kill me if I told it. My father has threatened me with a gun and with a knife. It was in August that he threatened me with a gun—August of this year—it was the fifth day of August that he threatened me with a knife—that did not occur over our having intercourse—I do not know what that was about, and I do not reckon he does. There were two beds in the home that we occupied—there were two children besides myself there—the two children slept in the other bed—Van Smith and myself slept in the other bed—we have been continuously sleeping together during the past twelve months."

We have recently had the question before us, whether or not under such circumstances as here shown, more than one act of intercourse could be offered in evidence. For a discussion of this question, and the decisions of this and other States, see the case of Battles v. The State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 786, opinion on motion for rehearing. The court did not err in permitting all acts of intercourse to be shown in this case.

However, we are constrained to agree that the case should be reversed and remanded. It will be noticed that in the testimony of the prosecuting witness, she states that all the acts of intercourse took place at night—"that there were two beds in the home that we occupied—the two children slept in the other bed—defendant and myself slept in one bed. We have been continuously sleeping together during the past twelve months." The defendant denied ever having had sexual intercourse with his daughter, and denied having slept in

the same bed with her. The defendant filed a motion to continue the case on account of the absence of his son, Claude Smith, who was temporarily in Oklahoma. The motion was overruled, and defendant telegraphed his son to come, but the son did not arrive until the verdict was rendered. This son is seventeen years of age, and in affidavit filed he swears that during all his life until about four months before the trial he had resided continuously with his father, and that he knew that the defendant and the prosecuting witness, Mabel Smith, never at any time slept together as alleged by her. This testimony, if true, would have broken down the State's case, and as this was the first application for a continuance, it should have been granted. Especially is this true in this case, appellant not being able to employ attorneys to defend him, but the attorneys who have vigorously prosecuted this appeal, doing so under appointment of the court. The appellant was indicted October 28; counsel appointed to defend him on October 31, and the case called for trial November 11. It appears that this son and other witnesses named in the application were beyond the State lines temporarily, and while perhaps an effort ought to have been made to secure their depositions, yet, in view of the materiality of this testimony, if true, that appellant is shown to have made efforts to secure the attendance of his son, and he had reasonable expectation of doing so, and the son was prevented by sickness from attending court earlier than he did, and the further fact that he had no attorney to represent him until the court made an appointment, we are inclined to think the case should be reversed and remanded, but not upon the grounds stated in the opinion of the presiding judge.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I agree with my brethren that the judgment should be reversed for the error of the trial court in refusing to grant the continuance asked by appellant. I do not care to discuss it. I think the opinion of the majority is correct upon this proposition.

I desire to enter my dissent, however, to that portion of the opinion which holds there was no error in the refusal of the court to quash the indictment, and failing in that, to sustain the various exceptions of appellant with reference to refusals on the part of the trial court to require the State to elect upon which count the prosecution would be had, also in the admission of testimony in regard to the different transactions set forth in the different counts. The indictment contained five counts charging appellant with rape upon his daughter. The first count charges him with having ravished his daughter about the first of November, 1909; the second on the first of January, 1910; the third on the first of May, 1910; the fourth on the first of July, 1910, and the fifth on the 15th day of August, 1910. When the case was called for trial appellant moved to quash the indictment

because it set up five different, distinct and separate felonies.  Several objections were urged.  This was and is a concrete expression of the reasons for the motion to quash.  This was overruled.  Appellant excepted.  He then filed a motion to require the State to elect, before proceeding with the trial, upon which count the conviction would be asked.  This was overruled, and exception reserved.  The prosecuting witness was placed upon the stand, and, over objection of appellant, was permitted to testify to an act of intercourse on the part of her father with her supporting each separate count in the indictment.  The question was then asked if her father had intercourse with her in November, in January, in May, in July and in August, the dates specified in the different counts.  Over the objection of appellant she was permitted to answer in the affirmative in detail each question.  Appellant reserved his bills.

Motion was then made by appellant to require the State to elect upon which transaction the State would proceed.  This was overruled, and exception was reserved.  At the conclusion of the testimony of the prosecuting witness, the court certifies to one of the bills of exception that the State then elected of its own motion to ask conviction on the fifth count, to wit, the act charged to have occurred on the 15th of August, 1910.  Where distinct felonies are charged in separate counts in an indictment, shown by and on the face of the counts contained in the indictment to be different transactions, the court should sustain the motion to quash, or in the event he should decline to do this, then he should require the State to elect upon which one of the counts the prosecution should proceed.  Appellant sought to have the State to comply with these phases of the law.  The court overruled all of his motions.  Under our decisions and the authorities this was error.  McKenzie v. State, 32 Texas Crim. Rep., 568.  The rule laid down in the McKenzie case seems to be the one generally followed, at least it is so in this State.  This is in accordance with the rule laid down by Mr. Bishop as well as by the courts generally.  See 22 Cyc., page 404.

Again, the motion of appellant to require the State to elect upon the development of the testimony when it was first discovered that more than one act occurred should have been sustained.  It was not proper nor legal to develop these five transactions before the jury and then wait until the conclusion of the testimony of the prosecutrix for the State to elect.  The facts with reference to all of these different transactions were by this means introduced and placed before the jury.  The harmful effect of this is clearly demonstrated by the fact that the jury did not award appellant the minimum punishment, which is five years, but gave him fifteen years in the penitentiary, or ten years in excess of the lowest penalty.  It has been held by the decisions of this court as well as by those of the Supreme Court in the history of each court that where different transactions are developed on the trial, even where the indictment contains but

one· count, it is the duty of the court to require the State to elect upon which transaction the conviction will be asked, especially where appellant has requested such election. Lunn v. State, 44 Texas, 85; Fisher v. State, 33 Texas, 792. These two cases have been followed by all the cases on this question since their rendition. In regard to rape, this very question was decided by this court in Batchelor v. State, 41 Texas Crim. Rep., 501; Williams v. State, 44 Texas, 34; Powell v. State, 47 Texas Crim. Rep., 155; Earnest v. State, 7 Texas Ct. Rep., 560, approved in 56 Texas Crim. Rep., 460, at page 464; Bader v. State, 57 Texas Crim. Rep., 293; Stone v. State, 45 Texas Crim. Rep., 91. Had there been but one count in the indictment, the State would not have been permitted to develop the five transactions elicited from the prosecutrix. It would have been reversible error even under that condition of the record, but that error is intensely magnified under the indictment and the conditions found in this record. Here we have five different and distinct offenses alleged occurring at different times and dates, and at considerable intervals, and each one goes before the jury over proper protest. The rule laid down in the cases cited has been plainly disregarded by the trial court and by this court in overruling appellant's contentions in regard to the use of the independent offenses against him. The Constitution and our statute guarantees to a party on trial for his life or liberty a fair trial, and on the facts of a particular transaction. The State will not be permitted to condense into one indictment various and sundry transactions covering different periods of time and different and distinct offenses in order to get the facts in regard to the other transactions before the jury, and then when this is done to require the State to elect upon which transaction she will proceed, after proving all of them. This evidence was not even withdrawn from the jury. After the testimony of the prosecuting witness was heard, the court certifies the prosecuting attorney of his own volition elected the last count as a predicate for conviction, thus leaving all prior facts in evidence before the jury, and by this election it was sought to and did cut off the defendant from meeting as best he could by testimony showing the prior transactions to be false. If there could be a grosser matter of injustice and unfairness it would exhaust human ingenuity to discover it. One of the absurd phases of injustice, if it was not for the seriousness of it, is found in the fact that all of the prior transactions were elicited before the jury, and the defendant by the election of the State was cut off from meeting these prior transactions by counter-evidence. Not only so, it permits the State to review all of these prior transactions and the derelictions for months, get the facts before the jury, and permit them to remain, which calls upon the defendant to meet those transactions with testimony, and after the State has ransacked these derelictions coming within the period of limitation, to select that which is thought by the prosecution to be the strongest, and this without per-

mitting the defendant to rebut these matters. If this rule inaugurated by my brethren in this decision applies to the crime of rape, there would seem to be no just reason why it could not be made to apply to any and all other derelictions of the law, especially so where the parties are the same. It was so held in a theft case decided quite recently. See Gowans v. State. It was necessary in the Battles case, decided by this court recently, for the majority of this court to overrule all the decisions ever rendered in Texas on this question and inaugurate a new line of jurisprudence plainly in violation of the Constitution and the language of the statutes. This is more than an unjust proposition, and is the basis for downright palpable injustice. It would seem in the Battles case that my brethren, in order to justify the introduction of these sundry and divers acts of intercourse, where the girl was under fifteen years of age, held that the statute of rape on girls under fifteen was practically the same and synonymous with fornication. I do not care to pursue the matter further because the incongruities and absurdities in the Battles case and in this case will manifest themselves to the thoughtful profession.

I therefore respectfully enter my dissent.