Don Elden VANNERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 39837.

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and Charles E. Bonney, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State

## OPINION

WOODLEY, Judge.

The offense is forgery; the punishment, six years, cumulated with the five year term assessed in the conviction for a like offense affirmed by this Court in Vannerson v. State, 403 S.W.2d 791.

Trial was had and notice of appeal given after January 1, 1966.

No briefs were filed in the trial court assigning error.

The indictment contained three counts. The first count alleged the making of a false instrument in writing purporting to be the act of Dock Lundegreen, and contained explanatory averments. The second count contained like allegations without explanatory averments, and the third alleged that appellant knowingly and fraudulently passed a forged instrument in writing to William Charles Arthur which he knew to be forged.

The same instrument in writing (a credit card invoice) was set out in each of the three counts according to its tenor.

Motion to quash the indictment was filed on the ground that it charged more than one offense, in violation of Art. 21.24 Vernon's Ann.C.C.P. The motion was overruled and exception was reserved.

Art. 21.24 C.C.P. reads:

"An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may think necessary to insert, but may not charge more than one offense. An indictment or information shall be sufficient if any one of its counts be sufficient."

We do not construe this statute as a prohibition against charging several ways in which one offense was committed, or charging more than one offense based upon the same incident, act or transaction.

Jarnigan v. State, 171 Tex.Cr.R. 136, 345 S.W.2d 754.

This is especially true as to forgery and passing of the same instrument in writing, because of Art. 1005 of the Vernon's Ann. Penal Code which provides in part that such offenses may be charged in separate counts in the same indictment.

Only the first count of the indictment was submitted to the jury. This count was sufficient hence, under Art. 21.24 C.C.P., the indictment was sufficient.

The judgment is affirmed.