**Tommy HOLCOMB, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 924–85.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

Jimmy James, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and William J. Delmore, III and Elaine Bratton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged in a single indictment with aggravated sexual assault and aggravated robbery with the same enhancement paragraph added to each count. Appellant waived his right to a jury trial and was found guilty by the trial court of both offenses. After pleading true to the enhancement paragraphs, appellant was sentenced to thirty-five years for each of the offenses, the sentences to run concurrently.

The conviction was appealed to the First Court of Appeals on the grounds that the two offenses were improperly joined in one indictment, that the part of the indictment

alleging aggravated sexual assault was defective, and that there was insufficient evidence to support his conviction for aggravated sexual assault. The court of appeals overruled all of appellant's grounds of error and affirmed the judgment of the trial court. Appellant filed a petition for discretionary review in this Court complaining that the court of appeals erred in upholding the convictions for both of the offenses because the offenses were misjoined in the indictment, and that the court of appeals erred in finding sufficient evidence to uphold the conviction for aggravated sexual assault. This Court granted review on the first ground only. We will affirm appellant's conviction for aggravated sexual assault and reverse his conviction for aggravated robbery.

The testimony showed that appellant approached the victim as she was getting out of her car in the parking lot of her apartment complex, threatened her with a knife, and forced her into his truck. Appellant stopped at the end of the parking lot and made the victim give him her money and her billfold. Appellant then drove a few blocks, stopped the truck, and forced the victim to have sexual intercourse with him. Afterward, appellant drove to the end of the street and let the victim go.

█ We will address the joinder issue first. There are two basic rules that govern joinder of offenses in charging instruments: (1) the State may allege more than one offense in a single charging instrument if the offenses constitute the repeated commission of the same property offense under Title 7 of the Penal Code; and (2) the State may not allege more than one non-property offense in a single charging instrument regardless of the number of the transactions involved.

The first rule is stated in Art. 21.24, V.A.C.C.P.:

> Two or more offenses may be joined in a single indictment, information or com-

plaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

Criminal episode is defined in V.T.C.A. Penal Code, § 3.01 [1] as "the repeated commission of any one offense defined in Title 7 of the code (Offenses Against Property)." These two statutes indicate that it is permissible for the State to allege the repeated commission of the *same* property offense in one charging instrument. *Ex parte Siller*, 686 S.W.2d 617 (Tex.Cr.App. 1985).

█ The second rule comes from a narrow reading of Art. 21.24, V.A.C.C.P., and V.T.C.A. Penal Code, § 3.01. These statutes have been interpreted as permitting the joinder of more than one offense in a charging instrument *only* when it is the repeated commission of the same property offense. *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985). This necessarily means that a single charging instrument may not:

1) allege more than one non-property offense;
2) allege statutorily different property offenses, or;
3) allege one property and one non-property offense.

Conversely, according to Art. 21.24(b), *supra*, a single charging instrument may contain multiple allegations of the *same offense* in different paragraphs.

In order to understand why different offenses may not be joined, it is necessary to trace the history of the joinder rules. Before the principles of criminal procedure were codified, the common law mandated that only one conviction be obtained from one indictment. In 1879 Article 433 of the Code of Criminal Procedure allowed a charging instrument to contain multiple counts charging the same offense. *Offense was determined to mean criminal transaction.* *Dill v. State*, 35 Tex.Crim. 240, 33 S.W. 126 (1895).

---

1. Since the time of this trial § 3.01, supra, has been amended extensively. See Acts 1987, 70th Leg., ch. 387, eff. Sept. 1, 1987.

In 1925 the successor to the 1879 Code's Article 433 was renumbered to 417 with no change in the substance of the statute. It should be noted that the 1895 and 1911 Codes also addressed this issue, but no substantive changes occurred. In 1965 Article 417 was combined with Article 408a to make Article 21.24. This revision added the phrase, "but may not charge more than one *offense.*" (emphasis added) This phrase was interpreted in *Vannerson v. State,* 408 S.W.2d 228 (Tex.Cr.App.1966) to mean that the State could allege more than one offense in a charging instrument if the offenses were based on the *same incident, act or transaction.* This was not the interpretation anticipated by the legislature, as was to become apparent in 1973.

In 1973, in response to *Vannerson,* supra, Art. 21.24, V.A.C.C.P. was revised to its present form. It states that more than one offense may be joined in one charging instrument if the offenses arise from the same criminal episode. In determining the definition of criminal episode, the legislature rejected a proposal which included:

> "all conduct ... incident to the attempt or accomplishment of a single criminal objective, even though the harm is directed toward or inflicted upon more than one person."

*Drake,* supra at 940. This rejected definition of criminal episode would have, upon adoption, codified the holding of *Vannerson* and *Dill,* supra, since this definition is de facto a definition of a "criminal transaction". Instead, the legislature decided on the more narrow definition found in V.T.C.A. Penal Code, § 3.01 and, in doing so, rejected the transaction concept imposed on past legislation by this Court.

In 1983 this Court handed down *Meeks v. State,* 653 S.W.2d 6 (Tex.Cr.App.1983). *Meeks,* supra, held that the 1974 revision of article 21.24 did not change the previous authorization to allege more than one offense in an indictment if the offenses arose out of the same criminal transaction. The new statute merely provided an *additional* instance of when several offenses may be alleged. As pointed out in *Drake,* supra, this holding completely ignores the significance of the evolution of article 21.24. The purpose of the 1974 revision was to make clear that the *Vannerson* interpretation of offense was *in* correct. The correct holding in *Meeks,* supra, would have been:

> When the statute says offense it doesn't mean criminal transaction, but rather it means one statutory offense as broken down by the Penal Code (i.e. assault, murder, abuse of office, etc.).

The *Meeks* opinion also ignores the legislature's refusal to define criminal episode broadly. By rejecting a definition that would have allowed joinder of offenses that resulted from conduct directed toward accomplishment of a single criminal objective, the legislature was rejecting the practice approved by *Vannerson,* supra, of charging a defendant with multiple offenses that arose from the same incident, act or transaction.

■ In 1985 a plurality of this Court joined in the opinion handed down in *Drake,* supra. We now hold that *Drake,* supra, was correct in its statement that Article 21.24 does not authorize the joinder of multiple offenses that arose from the same transaction. *Drake,* supra, however, is flawed in other respects.

■ The State may, of course, charge multiple offenses arising from different transactions in separate indictments (one offense per indictment) and consolidate them in one trial if the defendant consents under Art. 1.14, V.A.C.C.P. Such a procedure results in a separate conviction for each separate offense.

■ When the State violates the misjoinder rule by alleging different offenses in the same indictment, the defendant has three options. First, he may object to the charging instrument on the ground that the State has misjoined offenses. The trial court should then grant the motion to quash, or may, instead, force the State to elect the offense upon which it will pro-

ceed. *Smith v. State,* 64 Tex.Cr.R. 454, 142 S.W. 1173 (1912); *Blackwell v. State,* 51 Tex.Cr.R. 24, 100 S.W. 774 (1907). Another option is to forgo the motion to quash and file a motion requesting that the State be made to elect the count upon which it will proceed. The trial court should grant the motion if the State has misjoined offenses. *Crosslin v. State,* 90 Tex.Cr.R. 467, 235 S.W. 905 (1921). The State must make the election by the end of the State's case and before the defense begins to present evidence. *Crosslin,* supra; *Smith,* supra; *Blackwell,* supra. The third option is to make no motion to quash or objection and urge the error on appeal.

If the trial court allows all of the counts containing all of the different offenses to go to the jury and the jury convicts, *Drake,* supra, states two rules:

1) when more than one offense arising from the *same* transaction is contained in one indictment there is fundamental error. Even if the defendant does not object to the joinder the appellate court can uphold only one conviction;  ·

2) when offenses arising from *different* transactions are joined in one indictment, failure of the defendant to object waives the error and all the convictions can be upheld.

■ This latter rule from the *Drake* case violates the old common law doctrine of one conviction per indictment. It also emasculates the long-standing rule in this State that offenses arising from different transactions may not be joined in one charging instrument. *Campbell v. State,* 163 Tex.Cr.R. 545, 294 S.W.2d 125 (1956); *Smith v. State,* 101 Tex.Cr.R. 615, 276 S.W. 924 (1925). There is no indication that Art. 21.24, V.A.C.C.P., distinguishes between offenses arising from either the same or different transactions. Joinder of offenses is prohibited regardless of the number of transactions involved. The consequences of misjoinder, therefore, should be the same regardless of the "transaction" concept, absent some compelling statutory or judicial reason to treat them differently.

The rationale offered in *Drake,* supra, for the different treatment is given cursorily in one paragraph (686 S.W.2d at 944–945). The opinion first characterizes the clear prohibition against multiple offenses in one indictment as a "right" that can be waived just as most rights can be under Art. 1.14, V.A.C.C.P. Then *Drake,* supra, nakedly demands that a defendant must assert (as opposed to waive) that right or lose it. The purported authorities for this latter statement are *Wimberley v. State,* 94 Tex.Crim. 1, 249 S.W. 497 (1923), and *Monroe v. State,* 172 S.W.2d 699 (Tex.Cr. App.1943). The portion of *Wimberley,* supra, quoted below, states that this Court is not required to raise the issue of two felony convictions under the same indictment *on its own motion.*

> Where the appellant makes no protest at being convicted for more than one felony under the same indictment [citation omitted] this court would not feel called upon to raise the question on its own motion. But such procedure is so fundamentally erroneous that it calls for review when raised at almost any time. After verdict the court's attention was called to the matter by motion denominated one in arrest of judgment.... Upon the motion being overruled the complaint was again presented in the motion for new trial. That error has been committed which demands reversal there can be no doubt. *Wimberley v. State,* 249 S.W. at 497.

The quote from *Monroe,* supra, similarly notes that if the appellant had complained *on appeal* of two convictions from one indictment he would have been heard. Since the appellant did not raise the complaint on appeal, the court reversed on other grounds but noted this error "[i]n view of another trial".

From this point, *Drake,* supra, assumes as established the notion that "some character of objection in the trial court [is required]". The caselaw patently indicates that the error will be reviewed as long as *on appeal some character of complaint is*

*asserted,* even though no objection was lodged at trial. The cases relied on in *Drake,* supra, only stand for the proposition that this Court will not review this type of error sua sponte on appeal.

For the reasons stated, misjoinder errors should be treated the same, and the concept of "different or same transaction" should be removed from the analysis of these issues.

▆▆▆ In the instant case appellant was indicted for and convicted of aggravated sexual assault and aggravated robbery. These offenses do not constitute the repeated commission of the same property offense, and, therefore, they may not be alleged in the same indictment.

The court of appeals rejected appellant's contention that these two offenses arose from the same transaction, and for this reason held that appellant had "waived" any objections to the misjoinder of offenses. In *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr.App.1988), we overruled that portion of the *Drake* opinion which held that when the State joins two or more offenses arising out of different transactions, such error must be objected to at trial or waived on appeal. Thus, it makes no difference whether these offenses arose from the same or different transactions. Either way there is no requirement of an objection at trial to preserve the error for appeal.

▆▆▆ In the instant case, appellant did not object to the State including two offenses in one indictment. When the trial court erroneously permits the State to convict the defendant of more than one offense and there was no objection at trial, the appellate court can cure this error by choosing one of the convictions to affirm and dismissing the remainder. In the majority of cases this Court has chosen the offense that the defendant was convicted of first. *Ex parte Ellison,* 699 S.W.2d 218 (Tex.Cr.App.1985); *Ex parte Siller,* 686 S.W.2d 617 (Tex.Cr.App.1985); *Ex parte Prince,* 549 S.W.2d 753 (Tex.Cr.App.1977);

*Ex parte Easley,* 490 S.W.2d 570 (Tex.Cr. App.1972). In *Beaupre v. State,* 526 S.W. 2d 811 (Tex.Cr.App.1975), *cert. den.* 423 U.S. 1037, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975), the offense that was alleged first in the indictment was affirmed and the rest reversed.

The judgment in the instant case lists the conviction for aggravated sexual assault first and aggravated robbery second. Aggravated sexual assault was also alleged first in the indictment. The aggravated sexual assault conviction will be upheld and the aggravated robbery conviction dismissed.

We will reverse the judgment of the Court of Appeals and reform the judgments of the Court of Appeals and the trial court to show a conviction and sentence for aggravated sexual assault only. The conviction and sentence for aggravated robbery will be deleted from the judgment.

The judgment and sentence as reformed are affirmed.

CAMPBELL and McCORMICK, JJ., dissent for the reasons expressed in Judge CAMPBELL's dissent in *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr.App.1988).

Notwithstanding the fact that missing from the majority opinion is the following statement: "*Drake v. State,* 686 S.W.2d 935 (Tex.Cr.App.1985) is expressly overruled", TEAGUE, J., joins the opinion of the Court. Also see the concurring opinion that he filed in *Ex parte Siller,* 686 S.W.2d 617, 620 (Tex.Cr.App.1985).

CLINTON, J., dissents to this opinion.