**Larry Gene COWAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–87–0063–CR.**

Court of Appeals of Texas,
Amarillo.

Sept. 21, 1987.

Discretionary Review Refused
Dec. 9, 1987.

Mike Brown, Brown, Harding, Brown & Tabor, Lubbock, for appellant.

Travis Ware, Dist. Atty., R. Deniece Jones, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

## ON MOTION FOR REHEARING

REYNOLDS, Chief Justice.

On original submission of this appeal by appellant Larry Gene Cowan from a purported denial of habeas corpus relief, we dismissed the appeal for want of a justiciable controversy since the judgment signed by the trial court granted appellant the relief he sought. Subsequently, we accepted for filing the supplemental record of a judgment rendered nunc pro tunc by which the relief appellant requested was denied. We now grant the joint motion for rehearing to the extent that we withdraw our original opinion and set aside our judgment of dismissal; but, upon the rationale expressed, we will affirm the judgment nunc pro tunc.

On 11 April 1984, appellant was indicted for the offenses of murder and injury to a child in cause no. 84–401,750 in the 99th Judicial District Court of Lubbock County. A jury, empaneled on 12 September 1984 to determine appellant's competency to stand trial, found that appellant was incompetent to stand trial on that date, and further found that there was a substantial probability that he would attain competency to stand trial in the foreseeable future. The trial court rendered judgment ordering that appellant be committed to Rusk State Hospital, or an appropriate facility, for a period of at least sixty days but not more than eighteen months, for the purpose of exami-

nation and treatment with the objective of his attaining competency to stand trial.

By letter dated 6 June 1985, Dr. James A. Hunter, Clinical Director of Skyview Maximum Security Unit at Rusk State Hospital, reported the hospital superintendent's opinion to the trial court. The opinion was that appellant was not mentally competent to stand trial, and that there was no substantial probability he would gain competency within the foreseeable future. The letter, containing the recital that the superintendent's final evaluation and certificate of examination are enclosed,[1] carried the statement that appellant is being returned to the court "for civil commitment under the provisions of Section 6 or Section 7, Article 46.02 of the Code of Criminal Procedure."[2] Neither appellant nor the State objected to the findings reported.

The State moved to dismiss cause no. 84–401,750, stating that:

> The defendant has been certified by Doctors at the Rusk State Hospital as not mentally competent to stand trial with no substantial probability of becoming competent within the foreseeable future. The defendant is to be released to the custody of the United States Marine Corps.

Acting upon the State's motion on 30 September 1985, the trial court, "satisfied as to the truth of the matters therein set forth," dismissed the cause. There is no record that appellant objected to the procedure, and he confirms in his brief that he was released from custody.

Thereafter, on 10 December 1986, appellant was reindicted for murder and injury to a child in cause no. 86–405,592 in the 237th Judicial District Court of Lubbock County. The indictment is for the same criminal offenses which were dismissed on 30 September 1985.

Appellant petitioned the trial court for a pretrial writ of habeas corpus to compel his release from custody and the dismissal of the pending indictment. By the judgment rendered nunc pro tunc, the court denied appellant the relief sought, thereby prompting this appeal.

With a single point of error, appellant contends the trial court erred in denying him habeas corpus relief. This results, he argues here as he did in the court below, because his prosecution is barred by the operation of sections 5(m) and 7 of article 46.02.

Given the 12 September 1984 adjudication concerning appellant's competency, his commitment, and his return to the court pursuant to the superintendent's report under the dictates of article 46.02, the court, absent any objection to the report, was authorized by section 5(i) to determine appellant's competency to stand trial based solely on the report. From this, appellant reasons that the court's 30 September 1985 order dismissing the prosecution upon the factual assertions in the State's motion constitutes a finding and determination that he was incompetent to stand trial and that there was no substantial probability that he would attain competency to stand trial in the foreseeable future. The finding coupled with the dismissal, appellant notes, triggers the operation of section 5(m), which provides that:

> If the defendant is found incompetent to stand trial, and all charges pending against the defendant are then dismissed, the court shall proceed under Section 7 of this article or shall release the defendant.

These provisions, appellant next reasons, placed the court under the express, mandatory duty to conduct a hearing under section 7 to transfer him for a civil commitment or discharge.

As pertinent to appellant's reasoning, section 7 provides that if the charges pending against the defendant are dismissed and it appears to the court there is evidence to support a finding either that the defendant is mentally ill or that he is a mentally retarded person, "the court shall

---

1. These documents were not included in the appellate record.

2. All subsequent citations of article 46.02 and its sections are referenced to those numbered statutory provisions appearing in the Texas Code of Criminal Procedure Annotated (Vernon 1979).

enter an order transferring the defendant to the appropriate court for civil commitment proceedings ... otherwise, the defendant shall be discharged." Inasmuch as the court did not enter an order transferring appellant to a court for civil commitment proceedings, then, appellant further reasons, he was discharged. The discharge, appellant concludes, has the meaning, according to common usage of the word "discharge" in the Code of Criminal Procedure, of a "dismissal with prejudice," which implicitly bars his reindictment and prosecution for the offenses charged in the dismissed indictment. We are not persuaded to that conclusion.

Initially, we disagree with appellant's reasoning that the section 5(m) provisions mandate the court to conduct a section 7 hearing or discharge the defendant. Section 5(m) provides the court with an alternative: either to proceed under section 7 or to release the defendant. In this cause, appellant admittedly was released upon the dismissal of the original cause and, thereby, the provisions of section 7 never became operational.

Although appellant does not contend that his section 5(m) release constitutes the bar to reindictment and prosecution he attributes to a section 7 discharge, we determine that a section 5(m) release is no impediment to a reindictment and, if warranted, a prosecution for the same offense(s) previously dismissed. The word "release" is not defined in the statute; hence, the word is to be taken and understood in its usual acceptation in common language. Tex.Code Crim.Proc.Ann. art. 3.01 (Vernon 1977). In the context in which the word "release" is used, its usual acceptation is "to set free from restraint [or] confinement." Webster's New Collegiate Dictionary 968 (1981).

Nothing in the contextual use of the word "release," or in its commonly accepted meaning, indicates a liberation barring later prosecution. Indeed, it is accepted law in this State that the dismissal of a criminal prosecution upon the State's motion made prior to the attachment of jeopardy, as in this cause, does not bar later prosecution of the same offense upon a new indictment. *Ochoa v. State,* 492 S.W.2d 576, 577 (Tex.Cr.App.1973).

Accordingly, and without deciding the merits of appellant's reasoning as to the operation of section 7, we hold that under the circumstances of this cause, appellant has not shown a bar to his pending prosecution. His point of error is overruled.

The judgment is affirmed.