## Charlie Blackwell v. The State.

### No. 3666. Decided February 13, 1907.

**1.—Rape—Female Under Age of Consent—Several Counts in Indictment— Election.**

Where upon trial for rape upon a girl under 15 years of age, the indictment contained five counts alleging different dates, and the court charged that if the jury should find upon a certain date or within twelve months thereof that the defendant committed rape upon said girl they should convict; and there was no motion by the defendant to require the State to elect and the court did not elect any particular account in submitting the case, and no objection was urged to the evidence, a general verdict was sustained.

**2.—Same—Special Venire—Talesmen.**

Where upon trial for rape, the court instructed the sheriff to summon talesmen after the special venire had been exhausted, there was no error.

**3.—Motion for new Trial—Challenge for Cause—Bill of Exceptions.**

Where upon trial for rape there was no bill of exceptions reserved to the action of the court in overruling defendant's challenge for cause to one of the jurors, and the matter is not otherwise verified in the motion for new trial, the same could not be reviewed.

**4.—Limiting Offense to Specific Act—Election.**

Where upon trial for rape, there was no election upon what count the defendant should be tried, and the court submitted all the counts, there was no error in the court's charge in failing to limit the jury to one specific act. Another question would arise if a conviction was sought hereafter for any of the acts set out in the indictment.

**5.—Same—Sufficiency of the Evidence—Age of Prosecutrix.**

Where upon trial for rape, the evidence showed a plain case of rape on several different occasions upon a girl under the age of 15, and showed with sufficient certainty that she was under this age, even at the time she testified, the proof sustains the conviction,

Appeal from the District Court of Eastland. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*D. G. Hunt* and *Scott & Brelsford,* for appellant.—On question of age: Thompson v. State, 26 S. W. Rep., 987; Lawrence v. State, 32 S. W. Rep., 539; Duckworth v. State, 57 S. W. Rep., 665; Blair v. State, 56 S. W. Rep., 622. On question of election: Shuman v. State, 34 Texas Crim. Rep., 71; Baker v. State, 25 Texas Crim. App., 25.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for rape upon a girl under 15 years of age. The indictment contains five counts alleging different dates. The court charged the jury substantially that if they should find upon a certain date or within twelve months thereof that appellant committed rape upon the girl, they should convict him, and it is claimed the court elected to submit upon the last count. We do not believe the record sustains this contention. If there was a motion made by appellant to require the State to elect upon which count to proceed or to ask conviction, it was not incorporated in the record, and the court did not select any particular count in the indictment when submitting the case to the jury. If appellant had desired to raise this question it should have been done by either motion to quash prior to going into the merits of the case, or at some time during the examination of the witnesses, or at the close of the testimony. This was not done. It has been held that where the indictment charges in separate counts more than one distinct felony, and the evidence develops different transactions, the State would, upon request of the accused, be forced to elect the count upon which it will prosecute. See McKenzie v. State, 32 Texas Crim. Rep., 568, and Masterson v. State, 20 Texas Crim. App., 576. When this is required, the election, as a general rule, should be made before the defendant enters upon his evidence, and as soon as the prosecution has developed the testimony sufficiently to identify the transaction. See Dalton v. State, 4 Texas Crim. App., 333, and Sims v. State, 10 Texas Crim. App., 131. And the State, and not the defendant has the right of election whenever an election is required. See Bradshaw v. State, 32 Texas Crim. Rep., 381. These cases have been followed since their rendition. However, when this is not done the court in his charge to the jury may submit the law only as to one of said counts, and when this is done it is tantamount to an election by the State. See Parks v. State, 29 Texas Crim. App., 597; Morgan v. State, 31 Texas Crim. Rep., 1; Smith v. State, 34 Texas Crim. Rep.,

123; Carr v. State, 36 Texas Crim. Rep., 3; Stephens v. State, 36 Texas Crim: Rep., 386; Moore v. State, 37 Texas Crim. Rep., 552, and Dalton v. State, 4 Texas Crim. App., 333. There was no objection urged to the evidence going to the jury and no election asked.

The verdict was general. The evidence supports all five counts, that is, the girl testifies to the different transactions occurring between herself and the accused on different dates, all within the space of a few months.

The regular panel, which had been drawn from a special venire list, being exhausted, the court ordered the sheriff to sumon fifteen talesmen for the purpose of completing the jury. Ten jurors had been selected out of the special venire and the remaining two jurors were selected from the talesmen summoned by the sheriff. Error is assigned in the action of the court instructing the sheriff to summon talesmen after the special venire had been exhausted. This question has been before this court before, and at first this court took the view insisted upon here by appellant, but in a rehearing in the Mays case (Mays v. State, 96 S. W. Rep., 329) we came to a different conclusion, and held it was proper after exhausting the special venire for the court to order the sheriff to summon talesmen, as was done in this case, and the Mays case has been followed as the rule, and after reviewing that question several times the court has adhered to the ruling laid down in said case on its motion for rehearing, and which we yet think is correct. There was no error in this connection.

The motion for new trial alleges error in the action of the court in overruling appellant's challenge for cause of one of the jurors. A sufficient reply to this is, there was no exception reserved, and the matter is not otherwise verified in the ground of motion for new trial. Errors or supposed errors of the court in his ruling in regard to empaneling jurors, as a general rule, must be shown by bill of exceptions.

It is also urged that the court erred in failing in his charge to limit the jury in their deliberations to the evidence of one specific act and offense. We think this is answered in the conclusion reached in regard to the counts above mentioned. It was not necessary in the condition of the record when the charge was given for the court to have selected either of the counts, no election having been required. The court submitted all of the counts, that is, he instructed the jury that if they should find that any one of the acts was committed within twelve months, that is, if the offense was committed within twelve months at the time of returning the indictment, it would be sufficient. As this is presented, we think there is no error requiring reversal of the judgment. Appellant did not require the election and the court did not elect. This might present a very nice question if another conviction was sought for any one of the acts set out in the indictment, but that question is not before us.

It is contended that the evidence is not sufficient. The girl is to some extent corroborated, and she makes a very plain straight case

of rape on several different occasions. As to the age, which seems to be one of the main contentions on this phase of the case, it is contended that she is not shown to be under 15 with that accuracy and cogency that would authorize a conviction. In other words, the contention is it must be conclusively shown that the girl was under 15 years of age. We believe even this ruling has been ·met by the testimony. The girl swears that she was 14 years of age in the summer of 1905. The acts of intercourse occurred the previous fall, winter and spring, leaving her under 14 years of age at the time of the criminal intercourse. The father swears she is under 15, perhaps under 14, as does the mother. · Upon a close examination of these two witnesses, they were not as accurate with reference to details as they might have been. They were illiterate people, and while the names and ages of their children were written down, this memorandum seems to have been lost, but the facts, as stated by them, we think, show a sufficient certainty that the girl was under 15 at the time, and that she was under 15 at the date of testifying. Finding no reversible errors in the record, the judgment is affirmed.

*Affirmed.*