**Roy SIFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 435–86.**

Court of Criminal Appeals of Texas,

En Banc.

Nov. 25, 1987.

_____

Scott Stehling, Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of aggravated sexual assault. Punishment was assessed by the court at 20 years imprisonment in the Texas Department of Corrections. The Court of Appeals, 13th Supreme Judicial District, held that the trial court erred in denying appellant's motion to quash the indictment, which was defective for misjoinder of offenses, reversed appellant's conviction, and dismissed the indictment. *Sifford v. State,* 704 S.W.2d 571 (Tex.App.—Corpus Christi 1986). We granted the State's Petition for Discretionary Review to determine whether the trial court erred in failing to quash the indictment. We will reverse the judgment of the Court of Appeals and affirm appellant's conviction.

Appellant was charged in a single indictment with aggravated sexual assault and robbery. Appellant filed a pre-trial motion to quash the indictment on the ground that it improperly joined two non-property offenses in violation of Art. 21.24, V.A.C.C.P. The trial court did not rule on appellant's motion until the State elected to proceed to the jury on the aggravated sexual assault charge and rested. The trial court then denied appellant's motion to quash.

The Court of Appeals found that denying appellant's motion to quash was not harmless error. The Court of Appeals found that harm resulted from (1) the reading of the indictment of both crimes before the

jury, which required appellant to plead not guilty to both offenses; (2) the voir dire; and (3) the State's opening statement. The State contends that joinder of more than one offense in the same charging instrument is harmless. ·Under the facts of this case, we agree with the State.

Article 21.24, supra, authorizes the State to join in a single indictment two or more offenses if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code. "Criminal episode" means the repeated commission of any one offense defined in Title 7 of the Penal Code, which defines the offenses against property. See V.T.C.A. Penal Code, Sec. 3.01. The State, therefore, violated Art. 21.24, supra, when it joined the offense of robbery, a Title 7 offense, with the offense of aggravated sexual assault, a Title 5 offense, in the indictment in this cause. We find, however, that this misjoinder was harmless to appellant.

When the State violates the misjoinder rule, the defendant has two options at trial. He may object to the charging instrument on the ground that the State has misjoined offenses. The trial court should then grant the motion to quash, or it may force the State to elect the offense upon which it will proceed. *Smith v. State,* 64 Tex.Cr.R. 454, 142 S.W. 1173 (1912), and *Blackwell v. State,* 51 Tex.Cr.R. 24, 100 S.W. 774 (1907). The defendant may, instead, forgo the motion to quash and file a motion requesting the State elect the count in the charging instrument upon which it will proceed. The trial court should grant the motion if the State has misjoined offenses. *Crosslin v. State,* 90 Tex.Cr.R. 467, 235 S.W. 905 (1921). The State must make this election by the end of the State's case and before the defense begins to present evidence. *Crosslin,* supra; *Smith,* supra; and *Blackwell,* supra. Once the State has been forced to make an election, any misjoinder error is cured. *Campbell v. State,* 163 Tex.Cr.R. 545, 294 S.W.2d 125 (1956).

As noted earlier, appellant's pre-trial motion to quash the indictment was not ruled upon until the State elected at trial to proceed only on the aggravated sexual assault charge. Once the State made this election, the misjoinder error in the indictment was cured. See *Campbell,* supra. The election by the State eliminated the possibility that appellant would be subject to multiple convictions arising from a single indictment.[1]

Appellant also was not harmed by the admission at trial of evidence of the alleged robbery since the robbery and aggravated sexual assault were part of one continuous transaction. Evidence of the facts relating to the transaction were admissible to show the context in which the aggravated sexual assault occurred. See *Hoffert v. State,* 623 S.W.2d 141 (Tex.Cr.App.1981).

We find, therefore, no harm to appellant by the misjoinder in the indictment and by the trial court's failure to grant appellant's motion to quash the indictment. The judgment of the Court of Appeals is reversed and appellant's conviction for aggravated sexual assault is affirmed.

TEAGUE, Judge, dissenting.

There are a number of analytical problems with the majority opinion to which I merely call attention. First, it sets out to "determine whether the trial court *erred* in failing to quash the indictment."[1] Since we are here reviewing a decision of the Thirteenth Court of Appeals, I suppose the majority means to say that we granted review to determine whether the appellate court erred in reversing the trial court upon this ground. However, the balance of the opinion seems to suggest otherwise

---

1. As of September 1, 1987, the law concerning this issue was changed. The Legislature amended the Penal Code, Sec. 3.01, supra, to read, in part, as follows:

Sec. 3.01. DEFINITION. In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances: (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (2) the offenses are the repeated commission of the same or similar offenses.

1. All emphasis supplied by the writer of this opinion unless otherwise noted.

and, to this extent, is analytically misleading.

Second, the majority concludes "[t]he State ... *violated* Art. 21.24 [V.A.C.C.P.] when it joined the offense of robbery, a Title 7 offense, with the offense of aggravated sexual assault, a Title 5 offense, in the indictment in this cause." But unexpectedly this does not then lead the majority to hold that "the trial court *erred* in failing to quash the indictment." Rather, we learn that when an accused objects to misjoinder the trial judge might either "grant the motion to quash, or ... force the State to elect the offense upon which it will proceed." Presumably, this means that the indictment must either be quashed or an offending part of it abandoned by the State. But because the State may delay its election until the close of its case-in-chief, it is only in the most attenuated sense that one can say the State violated the joinder statute at all.

Third, all of this really has little to do with the ultimate holding, since the majority then finds that "this misjoinder was harmless to appellant." There are two apparently independent bases for this conclusion: (1) "election by the State eliminated the possibility that appellant would be subject to multiple convictions arising from a single indictment," and (2) "[e]vidence of the facts relating to the transaction were admissible to show the context in which the aggravated sexual assault occurred."

Thus, a fair summary of the majority opinion yields the following. Joinder of robbery and aggravated sexual assault in a single indictment violates Art. 21.24, V.A. C.C.P. But since caselaw antedating the statute permits the State to elect at the close of its case-in-chief, the indictment is not quashable even though it violates the statute law. It follows that misjoinder isn't error. Only the failure or refusal to elect is. In practical effect, Art. 21.24 is merely directory.

Given this state of affairs, one is inclined to wonder why a harmless error analysis figures so prominently in the majority opinion. After all, if an absence of multiple convictions is sufficient to render harmless any misjoinder of offenses, it will be so in all cases, not just in this one. And if an "error" is always harmless under fixed conditions, as where an election is later made by the State, what sense does it make to call the thing an "error" at all? The clear message of the majority opinion, which will not be lost on anyone, is that the State may join in a single charging instrument as many different offenses as it pleases, Art. 21.24 to the contrary notwithstanding. The only potential error arises when the prosecutor is not eventually forced to elect from among mutually exclusive offenses.

A second and evidently unrelated reason for holding the "error" harmless in this case is that evidence of the robbery would have been "admissible to show the context in which the aggravated sexual assault occurred." Quite likely this is true. What we have long called extraneous offenses in this State may be proven at trial when relevant to a material issue in the case and the potential for unfair prejudice does not clearly outweigh the probative value of the evidence. Since criminals often violate a number of distinct penal laws during a single, relatively brief time, it is sometimes difficult and usually confusing to prove one offense without producing evidence of others as well. Thus, when the "context" requires it this Court typically approves evidence of such other offenses so that the factfinder will not be called upon to judge an allegation of wrongdoing in isolation from the events and circumstances surrounding it. Implicit in these holdings is the notion that such events and circumstances are relevant and that unfair prejudice is low.

However, I am at a loss to see what any of this has to do with the matter at hand. Offering evidence of an extraneous transaction, criminal or otherwise, to help prove an element of the charged offense is rather a different thing than alleging the extraneous offense outright in the indictment. As the Court of Appeals observed, "The jury was thus allowed to consider that the appellant was on trial for two separate felony offenses, each arising from a separate pe-

nal statute, rather than merely the one that the State elected to pursue to verdict." No doubt, being the practical men that they are, the majority perceives no chance that the jury would actually view the difference so "technically." Yet it seems likely to me that even rational jurors would mark a distinction of importance between a formal allegation of robbery and the evidence here offered to support it.

Initially, pleading the separate offense as a distinct count of the indictment obviates the need for any further determination of its admissibility. The evidence comes in automatically. Furthermore, it goes to the jury at face value and for all purposes, without the usual limiting instructions. Finally, apart from the strategic benefits thus inuring to the prosecution, the accused is legally disadvantaged. He may not freely admit the extraneous matter in his own testimony, hoping to deflate prejudicial inferences, since he has been placed formally in jeopardy of conviction and punishment for it. None of these considerations attend the ordinary case, where evidence of an extraneous offense is admitted solely to illuminate the charged offense, and not to enlarge the defendant's jeopardy.

It seems the Court of Appeals was at least sensitive to these critical considerations and sought to account for them in its harmless error analysis. Yet a majority of this Court wholly ignores the lower court's reasoning and substitutes a different, less satisfactory analysis of its own. To make matters worse, the majority undertakes no inquiry into the legislative basis of the law in question as a predicate to the perfunctory decision that its violation was "harmless." Rather than scavenging for convenient rationalizations we should be looking to the purposes of Art. 21.24 and striving to effectuate them.

To be sure, the law of joinder was perplexing when the indictment here in question was returned by the grand jury.[2] Yet it is unlikely the Legislature meant to ad-dress problems of relevancy in general or extraneous offenses in particular. Nor is it probable that the objective was to reduce the number of convictions proceeding from a single trial, although such is a necessary incidental effect of the statute. The purpose of a charging instrument is to invoke the jurisdiction of a trial court, to advise the accused of the offense against which he will be expected to defend, and to define the ultimate issues in the case. It is only reasonable to suppose that the Legislature, by restricting the kinds of offenses which might lawfully be joined in a single charging instrument, meant to insist that no accused be required to defend against more than one offense in a single trial, excepting only in those instances involving "the repeated commission of any one offense defined in Chapter 7 of this [Penal] code (Offenses Against Property)." Penal Code § 3.01.

Why the Legislature chose to single out multiple property offenses for special treatment is really of no concern to this Court, being a policy decision appropriate only to the lawmaking branch of our government. It is enough that we know persons accused of crime are generally not to face multiple charges in one trial. If the appellant in this case was forced to do so, then he suffered precisely the kind of harm which the statute was designed to prevent. To say that evidence of other crimes would have been admitted in any case or that the appellant was not in fact convicted more than once simply misses the evident point of the statute. To hold that these circumstances render the error harmless is to defeat the statutory purpose utterly.

This Court's perverse fascination with the so-called "harmless error rule" here takes yet another bizarre turn. In its name the Court has refused to enforce an Act of the Legislature for no better reason than that it does not further the majority's view of fairness. To the implicit repealer

---

2. As the majority points out in a footnote, this law has now been changed. I still find it a bit perplexing, but it plainly does not isolate offenses against property for special treatment as it once did. A more general, and evidently less capricious, connection between several crimes will now suffice for their joinder in a single charging instrument.

of an otherwise valid statute by this non-legislative body, I urgently dissent.

CLINTON and CAMPBELL, JJ., join.