Larry Gene COWAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–89–0074–CR.

Court of Appeals of Texas, Amarillo.

March 30, 1990.

Rehearing Denied May 2, 1990.

Brown Harding Bass Fargason & Rice, Mike Brown, Lubbock, for appellant.

Criminal Dist. Atty. Michael West, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury, rejecting appellant Larry Gene Cowan's defense of insanity, found him guilty of the first degree felony offense of injury to a child, for which the court imposed a sentence of confinement for life. With five points of error, appellant contends the trial court reversibly erred by (1) refusing to quash the indictment for misjoinder and, instead, remedying it by forced election; (2) excluding appellant's certified copy of a medical report offered under Texas Rules of Criminal Evidence 803(8)(C) and 902; (3) failing to charge the jury on the offense of voluntary manslaughter; (4) placing on appellant the burden of proof of his insanity defense; and (5) not finding prosecution to be barred by Texas Code of Criminal Procedure art. 46.02, §§ 5(m) and 7. We will overrule the points and affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction; indeed, he concedes that "[t]he evidence is sufficient to show all elements of injury to a child and murder." Hence, it suffices to record that the indictment against appellant joined, in four counts, the offenses of murder and injury to a child. Prior to trial the State elected to prosecute the fourth count in the indictment, by which appellant. was charged with intentionally and knowingly engaging in conduct that caused serious bodily injury to a child younger than 15 years of age. Tex. Penal Code Ann. § 22.04(a)(1) (Vernon 1989).[1] The State adduced evidence that on or about 18 March 1984, the two and one-half year old child victim was in the possession of appellant, who was absent without leave from the Marine Corps. Shortly afterwards, appellant appeared without the child and detailed his plans for leaving the state. Soon thereafter, the child was discovered dead from a severe beating about the head. The jury rejected appellant's defense of insanity and returned a verdict of guilty.

Appellant's first-point contention that election was an improper remedy for the misjoined offenses alleged in the indictment is premised on four subpoints. They are: (1) misjoinder is fundamental error which requires the defective indictment be quashed; and the election (2) denied him due process notice, (3) constituted an unauthorized amendment of the substance of the indictment, and (4) deprived him of the grand jury protection guaranteed a felony defendant.

Under the pre–1987 law governing joinder of separate and distinct nonproperty offenses, the joinder of the offenses of murder and injury to a child in the indictment was improper. Tex. Penal Code Ann. § 3.01 (Vernon 1974);[2] Tex.Crim.Proc.Code Ann. art. 21.24 (Vernon 1989); *Fortune v. State*, 745 S.W.2d 364, 367 (Tex.Cr.App. 1988). Upon hearing appellant's pretrial motion to set aside the indictment because of the misjoinder, the trial court chose, instead, to require the State to elect a count. In unambiguous language, the State announced on the record its election to proceed on count IV of the indictment, the offense of injury to a child. Appellant objected and, to preserve the complaint, informed the court that he would not be able to announce ready for trial, but he did not move for a continuance because the case had been specially set for trial.

Appellant submits on the authority of *Fortune v. State*, 745 S.W.2d at 368, that the misjoinder of the different offenses in the indictment is now fundamental error, which required the trial court to grant his motion to set aside the indictment. Although the decision in *Fortune* did label misjoinder a fundamental error, *Leal v. State*, 782 S.W.2d 844, 846 (Tex.Cr.App. 1989), the decision does not require the granting of a motion to quash an indictment because of misjoinder. Indeed, the

1. At the time of the indictment, section 22.04 provided, in part, that:

(a) A person commits an offense if he intentionally, knowingly ... by act or omission, engages in conduct that causes to a child who is 14 years of age or younger ...

(1) serious bodily injury.

Afterwards, the section was amended, effective 1 September 1989. Tex. Penal Code Ann. § 22.04 (Vernon Supp.1990).

2. Effective 1 September 1987, section 3.01 of the Texas Penal Code was amended to redefine the term "criminal episode." Tex. Penal Code Ann. § 3.01 (Vernon Supp.1990).

very portion of the *Fortune* opinion on which appellant relies makes it clear that the trial court may grant the motion to quash or, instead, force the State to elect the offense upon which it will proceed. 745 S.W.2d at 368.

Nevertheless, appellant continues to urge the existence of a requirement to grant his motion. The requirement exists, he asserts, because by amending article 21.24, *supra,* in 1973, the legislature rejected the practice of charging a defendant with multiple offenses that arose from the same criminal transaction. Then, he argues, the *Fortune* "suggest[ion]" that compelled election of counts is an appropriate remedy for misjoinder is *obiter dictum.* This *dictum,* he concludes, constitutes an erroneous attempt to transfer the obsolete procedure of election among criminal transactions to a new context of misjoinder of statutory violations arising from the same transaction.

■ However, appellant overlooks the reality that the fundamental error of misjoinder is one of form, which is cured when the State makes an election, *Sifford v. State,* 741 S.W.2d 440, 441 (Tex.Cr.App. 1987), not a fundamental defect of substance, which renders the indictment insufficient. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 602–04 (Tex. Cr.App.1974). Beyond that, the *Fortune* decision is subsisting law that we are not authorized to circumvent. *Ex parte Baltimore,* 616 S.W.2d 205, 207 (Tex.Cr.App. 1981) (quoting *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961)).

As earlier indicated in this case, the trial court required the State to, and the State did, elect the offense it would prosecute, thereby curing the fundamental error of misjoinder. *Sifford v. State,* 741 S.W.2d at 441. It follows that appellant is not entitled to a reversal of his conviction simply because he objected to the misjoinder in the trial court. *Leal v. State,* 782 S.W.2d at 846.

Still, appellant contends that prosecutorial election to remedy misjoined counts raises serious statutory and constitutional questions. The questions he envisions are the denial of due process notice of the charge to be considered at trial, the unauthorized amendment of the substance of the indictment, and the deprivation of the grand jury protection constitutionally guaranteed a felony defendant.

■ We agree that appellant had the right to be notified in writing of the specific charge to be considered at trial in sufficient time to permit his preparation. Tex. Const. art. I, § 10; Tex.Crim.Proc.Code Ann. art. 1.05 (Vernon 1977); *In re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). But we do not agree that he was denied due process notice in this case by his perceived possibility of prosecutorial manipulation because, he says with reference to *Fortune v. State,* 745 S.W.2d at 368, "historically, if the trial court permits election, the State traditionally has been permitted to make the election by the end of the State's case, and immediately before the defense begins to present evidence." Nor do we agree that he was denied due process notice by a represented delayed election in this case, which prejudicially harmed him by delaying his selection of the defense of insanity to resist the injury to a child charge, or the defense of no specific intent to kill to negate the murder charge. These specters are belied by this record.

According to the record, the State made its election at the pretrial hearing on appellant's motion to set aside the indictment because of the misjoinder of offenses, 17 days before the date of trial. On the same day, appellant acknowledged the election by filing his objection to the State's election and, six days later, filed his notice of insanity defense. Only the count elected by the State was read to the jury, and that is the only offense for which appellant was convicted. Given these circumstances, no harm is shown. *Ponder v. State,* 745 S.W.2d 372, 374 (Tex.Cr.App.1988).

Neither is harm shown by appellant's collateral contention that the effect of the prosecutorial discretionary election denied him the benefit of a charge on the lesser included offense of manslaughter to the charge of murder. The right of election

belonged to the State, not to appellant, and it is of no consequence that he objects to, or does not agree with, the election made. *Zachary v. State*, 505 S.W.2d 875, 877 (Tex. Cr.App.1974).

■ Appellant's next subpoint contention is that the State's election constituted an unauthorized amendment of the substance of the indictment in violation of article 28.10(c) of the Texas Code of Criminal Procedure. As material to the contention, the article provides that:

> An indictment ... may not be amended over the defendant's objection as to form or substance if the amended indictment ... charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Tex.Crim.Proc.Code Ann. art. 28.10(c) (Vernon 1989).

The election by the State did not serve to charge appellant with an additional or different offense; it merely was a selection of one of the offenses with which appellant was charged as the one to be prosecuted. It long ago was determined that the submission of only one of several counts in an indictment would not constitute an amendment or alteration of the indictment. *Apperson v. State*, 168 Tex.Cr.R. 557, 330 S.W.2d 445, 446 (1959).

■ Finally, with his last subpoint, appellant contends that the State's election deprived him of the protection of a grand jury indictment guaranteed by Article I, Section 10 of the Texas Constitution, because there is no way to know which of the two offenses a grand jury would select to charge. On that premise and without citation of authority, he reasons that the State's election was not the action of the grand jury, thereby requiring him to answer for a criminal offense without an indictment of a grand jury. His reasoning then leads him to the conclusion that his conviction and imprisonment deprived him of the due process of law afforded by Article I, Section 19 of the Texas Constitution. We do not agree, for appellant has misperceived the constitutional purpose and operation of the grand jury system.

The inclusion of the grand jury system in the Texas Constitution provided the means for the common law protection of the state's citizens against the dangers of a false accusation. *King v. State*, 473 S.W.2d 43, 45 (Tex.Cr.App.1971). To achieve that end, the grand jury reviews the sufficiency of cause to assure that no defendant is convicted on the basis of facts not presented to or not found by it. *Van Liew v. United States*, 321 F.2d 664, 669 (5th Cir.1963). It logically follows that when a defendant is charged with more than one offense in an indictment lawfully returned by a grand jury, the indictment demonstrates that the grand jury heard evidence sufficient to cause the defendant to answer each criminal offense charged.

Thus, given the grand jury's indictment in this case, the State's election did not require appellant to answer a criminal charge without an indictment by a grand jury; rather, the election merely required appellant to answer for only one of the two criminal charges for which the grand jury had determined there was probable cause for him to answer. Consequently, appellant's conviction and imprisonment were not a denial of due process, particularly since the State's election assured that he would be subject to only one conviction based on the grand jury's indictment. *Sifford v. State*, 741 S.W.2d at 441. Appellant's first point of error is overruled.

■ Appellant utilizes his second point to attack the trial court's exclusion of a certified photocopy of a December, 1985 medical report prepared by the Medical Board of the Portsmouth, Virginia, Naval Hospital with attached medical records. The records were offered by appellant as a self-authenticated showing that he was legally insane at the time he deserted the Marine Corps in January of 1984, approximately two months before the commission of the offense for which he was convicted, which was time-relevant to his defense of insanity. *See* Tex.R.Crim.Evid. 401–403, 902.

The State objected to the offer, expressing that the document was hearsay, that

there was an absence of a proper predicate for business records, and that its admission would deny the State an opportunity to confront and cross-examine the author of the report. Appellant countered the objection by stating that his offer was made under the exception to the hearsay rule provided by Rule 803(8) of the Texas Rules of Criminal Evidence. That rule provides, in pertinent part, that the hearsay rule does not exclude

Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth ... (C) against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

Tex.R.Crim.Evid. 803(8). However, the court sustained the State's objection without stating the exact reason for the ruling. The question, then, is whether the court's ruling was correct. *Sewell v. State*, 629 S.W.2d 42, 45 (Tex.Cr.App.1982).

The records offered have been included in the appellate record. Tex.R.App.P. 51(d). They are certified under seal by the official custodian of the original records on file in Headquarters U.S. Marine Corps to be true copies of the available medical records of Larry Gene Cowan, a former member of the Marine Corps. The records contain the medical board's opinions expressing that at the time of Cowan's desertion of duty, he (1) did suffer from a mental disease of significant defect, (2) as a result of which he did lack substantial capacity to appreciate the wrongfulness of his conduct [desertion], and (3) he did lack substantial capacity to conform his conduct to the requirements of law; and that, at the present time [December, 1985] he does now possess sufficient mental capacity to understand the nature of the proceedings against him and to cooperate intelligently in his defense.

Since appellant offered the records to prove the truth of the opinions contained therein as factual findings of insanity, they were hearsay and, upon objection, were not admissible for the purpose offered, Rule 802, Texas Rules of Criminal Evidence, unless they were admissible under an exception to this rule. Appellant proposed the exception of Rule 803(8)(C), *supra*.

By its language, the rule allows into evidence against the State records and reports setting forth (1) factual findings (2) resulting from an investigation made pursuant to authority of law, (3) that are trustworthy. As the offeror of the records, it was appellant's burden to establish their admission under the rule.

Accepting that the medical board's opinion qualified as factual findings for the purpose of the rule, *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, ——, 109 S.Ct. 439, 450, 102 L.Ed.2d 445, 463 (1988), appellant still was required to show that the "factual findings result[ed] from an investigation made pursuant to authority granted by law." Yet, in offering the records, appellant only submitted his unsupported assertions that the report is on its face "a report of a public office," and that "federal law grants them the authority to do this."

The certification of the official custodian of the records merely shows the documents are true copies of the original records; it does not purport to show, in and of itself, that any part of the records resulted from an investigation made pursuant to authority granted by law. Appellant did not, as he could, move the court to take judicial notice of, as he phrased it, "federal law [that] grants them the authority to do this." Tex.R.Crim.Evid. 202.

■ Although a record bearing indicia of officialdom suggests an authoritative origin, the suggestion alone does not show that any factual findings in the record resulted from an investigation made pursuant to authority granted by law. Thus, the trial court, when faced with a lack-of-a-proper-predicate objection to the record's admissibility under the Rule 803(8)(C), *supra*, exception, is entitled to exclude the record in the absence of a showing that the requirements of the rule have been met. Appellant did not make the necessary showing by his unsupported assertions, and absent the predicate, we cannot fault the

trial court for excluding the records. Appellant's second point of error is overruled.

■ With his third point, appellant contends that the trial court erred in failing to charge the jury on the offense of manslaughter, which he maintains, without citing any authority so specifically holding, is a lesser included offense of injury to a child resulting in death. The standard for deciding whether the trial court erred in refusing to submit a jury charge on a lesser included offense is the two-prong analysis outlined in *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App.1981). First, the lesser included offense must be included within the proof required to establish the commission of the offense charged and, second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* at 446.

As previously noted, the offense with which appellant was charged was that of intentionally and knowingly engaging in conduct that caused serious bodily injury to a child. Voluntary manslaughter occurs when a person causes the death of an individual under circumstances that would constitute murder under Section 19.02 of the Penal Code, except that he caused the death while under the immediate influence of sudden passion arising from adequate cause. Tex. Penal Code § 19.04(a) (Vernon 1989). In this connection, "sudden passion" is defined as "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." Tex. Penal Code § 19.04(b) (Vernon 1989). And "adequate cause" is defined to mean a "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." Tex. Penal Code § 19.04(c) (Vernon 1989).

■ We do not pause to decide whether voluntary manslaughter is a lesser included offense of injury to a child resulting in death so as to satisfy the first prong of the *Royster* analysis. It suffices to notice that a charge on voluntary manslaughter should be given only when there is evidence that the defendant acted under the "immediate influence of sudden passion arising from adequate cause," *Marquez v. State*, 725 S.W.2d 217, 223–24 (Tex.Cr.App.), *cert. denied*, 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987), and because of the absence of such evidence from this appellate record, the second prong of *Royster* prevented the charge. In short, there is no record evidence that in his causing serious bodily injury to the child, appellant acted under the immediate influence of sudden passion arising from adequate cause so as to be entitled to a charge on the offense of voluntary manslaughter.

In his brief, appellant refers us only to testimonial excerpts for the showing of sudden passion. The testimony was given by the mother of the dead child and a policeman who was in the apartment where the child's body was found. The testimony reveals that the lights in the apartment were on, the radio was blaring, the heat was turned up high, and the apartment was in a shambles, as if it had been ransacked or as if someone had gone through it in a hurry or in a rage.

The only "cause" suggested by the record for this "sudden passion" is, at best, inadequate. The record reveals that appellant had been absent without leave from the Marines for several months and was worried about it, that he had a fight with his parents and brother and had been thrown out of their house the day before the commission of the offense, that he was mad at the child's mother and wanted to hurt something she loved, and that the child had been crying and spilled some soup.

It is not enough that appellant was mad at the child's mother because of some earlier provocation on her part. The law requires, and the evidence must show, that appellant's anger resulted from an act of provocation on the part of the child or someone acting in concert with the child at the time the offense was committed. The only evidence of the child's conduct was that at some undetermined time before the commission of the offense, he was crying

and spilled soup, which, without more, is not a provocation giving rise to sudden passion. Thus, in the absence of evidence of provocation by the child that directly caused appellant to act under the influence of sudden passion when he committed the offense, the offense of voluntary manslaughter simply was not raised. *Marquez v. State*, 725 S.W.2d at 224.

Yet, appellant advocates that even if we be, as we are, of the opinion that the offense of voluntary manslaughter was not raised by the evidence, the trial court nevertheless was required to charge on the offense of voluntary manslaughter. Insisting that voluntary manslaughter is a lesser included offense of injury to a child resulting in death, he opines that the law requires the court to deliver a written charge to the jury "distinctly setting forth the law applicable to the case," and permits the jury to find the defendant not guilty of the greater offense, but guilty of any lesser included offense. *See* Tex.Crim.Proc.Code Ann. arts. 36.14 (Vernon Supp.1990), 37.08 (Vernon 1981). Therefore, he argues, the mandatory provisions of the articles render erroneous and inapplicable to voluntary manslaughter the often repeated statement in *Royster*, 622 S.W.2d at 446, that a defendant is entitled to a charge on a lesser included offense only if raised by the evidence. Then, he invites us to negate the second prong of the *Royster* standard by employing the Rule of Lenity to strictly construe the law in his favor.

Again without pausing to decide the verity of appellant's premise, we must decline the invitation. As previously noted, we are not at liberty to overrule or circumvent the *Royster* authority, *Ex parte Baltimore*, 616 S.W.2d at 207, even if we were, albeit we are not, inclined to do so. The third point of error is overruled.

■ Appellant's fourth-point contention is that the burden of proof concerning his insanity defense was erroneously placed on him. He bases this contention on his view that the determination of insanity by the medical evaluation board of the Department of the Navy was a prior determination of insanity, thereby shifting the burden of proof on the issue to the State. *Manning v. State*, 730 S.W.2d 744, 746 (Tex.Cr.App.1987). However, apart from the fact that the medical evaluation board's determination was not in evidence, its determination is of no moment, for it was not vested with the necessary jurisdiction to adjudicate the issue. *McGee v. State*, 155 Tex.Cr.R. 639, 238 S.W.2d 707, 710–11 (1951).

Under the laws of this state, adjudication of insanity or incompetency, unlike that of commitment for treatment, is obtained only at and by the verdict of a jury, without which there can be no adjudication of that fact. *Id.* at 710; Tex.Crim.Proc.Code Ann. art. 46.03 (Vernon 1979; Vernon Supp. 1990). *See and compare* Tex.Crim.Proc. Code Ann. art. 46.02(4)(a) (Vernon Supp. 1990); Tex.Rev.Civ.Stat.Ann. art. 5547–49 (Vernon Supp.1990). Conformably, neither a medical board, a military tribunal, nor a judge has the necessary jurisdiction to adjudicate insanity, and no decree by either of them can have the legal effect of doing so, *McGee v. State*, 238 S.W.2d at 711, nor can a finding by a doctor or a psychiatrist constitute the requisite adjudication. *Williams v. State*, 643 S.W.2d 136, 139 (Tex.Cr.App.1982). The fourth point of error is overruled.

By his fifth and last point, appellant attempts to resurrect the same bar to prosecution that he presented, and we found wanting, in *Cowan v. State*, 737 S.W.2d 419 (Tex.App.—Amarillo 1987, pet'n ref'd). There, and here, he has argued that his prosecution is barred by operation of Article 46.02, §§ 5(m) and 7, Texas Code of Criminal Procedure Annotated (Vernon 1979). Adhering to our previous disposition of this contention, we overrule the fifth point of error.

Accordingly, the judgment is affirmed.