

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00083-CR

_____

BRYAN DEION WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 40789-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Bryan Deion Williams was convicted of possession of a controlled substance, namely, four grams or more but less than 200 grams of cocaine.[1]  *See* TEX. HEALTH & SAFETY CODE § 481.115(d) (West 2010).  Appellate counsel has filed a brief that discusses the record and reviews the trial court proceedings in detail.  After counsel's professional evaluation of the record, he has concluded that there are no arguable grounds to be advanced on appeal.  This meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509-10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Williams on or about January 18, 2013, informing Williams of his right to file a pro se response and his right to review the record of the trial proceedings prior to doing so.  Williams has filed a pro se brief, but he presents no legal authority to support his arguments.  Therefore, his points are inadequately briefed.  *See* TEX. R. APP. P. 38.1(h) (detailing requirement that appellant's brief contain appropriate citations to record and authority).  Notwithstanding this deficiency and in the interest of justice, we will address the points of error raised by Williams in his pro se response.[2]

## I.    Jurisdiction

Williams first claims that the trial court lacked jurisdiction because the State's indictment alleged two distinct offenses—possession of cocaine in an amount of four grams or more but less

---

[1]Williams was sentenced to seventy-five years' imprisonment.

[2]*See Garner v. State*, 300 S.W.3d 763, 764 (Tex. Crim. App. 2009) (appellate court addressing *Anders* brief may explain why points raised in appellant's pro se response have no arguable merit).

than 200 grams and possession of a firearm by a felon. Misjoinder of offenses does not deprive the trial court of jurisdiction; rather, it affords the defendant an opportunity to object to the indictment. If the defendant's objection is sustained and the trial court determines that offenses were improperly joined in the indictment, the trial court may either quash the indictment or force the State to elect the offense upon which it will proceed. *See Sifford v. State*, 741 S.W.2d 440, 441 (Tex. Crim. App. 1987). Here, Williams did not object to the indictment in the trial court; thus, no error is preserved for appellate review. Even if the error had been properly preserved, there was no error related to the indictment as (1) offenses arising out of the same criminal episode may be properly joined in a single indictment, TEX. CODE CRIM. PROC. ANN. art. 21.24(a) (West 2009), and (2) only the possession of a controlled substance charge was actually submitted to the jury. *See Sifford*, 741 S.W.2d at 441 (recognizing that State's election to proceed on single offense cures any misjoinder error).

## II. The Vehicle Search

Williams argues that there was no probable cause to seize and search the vehicle in which the drugs and shotgun were found. On the day of Williams' arrest, officers responded to a report of possible illegal activity at a local car wash. Upon their arrival, the officers saw Williams sitting in a parked car. When Williams saw the officers, he exited the car, closed and locked the doors, and walked away. A trained drug detection canine was brought to the scene and indicated the presence of drugs in the car. When insurance coverage for the vehicle could not be verified, the officers impounded it in compliance with a local ordinance. The officers apparently obtained a warrant to search the vehicle, though a copy of that warrant was not included in the appellate

3

record.  An appellant wishing to challenge a warrant and/or an affidavit supporting a warrant has a duty to ensure that the challenged documents are included in the appellate record.  *See Moreno v. State*, 858 S.W.2d 453, 462 (Tex. Crim. App. 1993); *Miller v. State*, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987).  Williams did not challenge the search warrant in the trial court and did not ensure that the warrant was included in the appellate record.  Consequently, this issue was not appropriately preserved for appellate review.

## III.    The Fruits of the Vehicle Search

Williams contends that several items recovered from the vehicle were improperly introduced into evidence at trial.  These items included several pieces of mail addressed to Williams, medical records bearing Williams' name, photographs of Williams and the car, and a loaded shotgun.  Williams lodged no objection to testimony about or admission of these items.  The items provided circumstantial evidence that Williams was the owner of the drugs found in the car.  These items also were relevant to contradict Williams' statements and conduct at the scene wherein he tried to distance or dissociate himself from the car.  The shotgun was not admitted into evidence until the punishment hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2012) (evidence may be offered at punishment as to any matter deemed relevant by trial court).  We overrule this point of error.

## IV.    Sufficient Evidence

Williams also argues, citing no authority and without detailed briefing, that the evidence is insufficient to connect him to the cocaine found in the car.

To prove him guilty as charged in the indictment, the State had to prove that Williams (1) knowingly (2) possessed four grams or more but less than 200 grams (3) of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). "To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Williams claims there is not enough evidence to connect him to the car in which the cocaine was found, "[e]specially when you consider the fact that documents belonging to at least three people were found in the car . . . and the keys were not found."

When the accused is "not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link [him] to the contraband." *Id.* at 406 (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981)); *see Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd). The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

Here, crack cocaine in a brown paper sack was found in an enclosed place—the center console between the front seats of the car Williams exited upon the arrival of police. A credit/debit card bearing Williams' name, photographs of Williams in this and other vehicles, Williams' medical records, and "court papers" bearing Williams' name were all found in the car.

5

There was testimony that Williams had purchased the vehicle a few weeks before this incident. This is admissible evidence that tends to prove Williams owned the car or at least had the right to possess and occupy it.

Other complaints by Williams amount to a criticism that the jury disbelieved the testimony of witnesses called by the defense. A primary function of the jury is to evaluate the evidence and resolve any conflicts in the evidence. No error is presented.

## V.    Effective Appellate Representation

Williams also makes a blanket allegation of bias or conflict of interest on the part of his appellate counsel and complains of counsel's lack of responsiveness to his correspondence. "A defendant has a constitutional right to counsel, but not to counsel of his own choice." *Hill v. State*, 666 S.W.2d 663, 667 (Tex. App.—Houston [1st Dist.] 1984), *aff'd*, 686 S.W.2d 184 (Tex. Crim. App. 1985); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982) ("Representation by counsel not of one's choosing does not, in itself, deprive one of effective assistance of counsel," and trial court under no duty to search for attorney agreeable to defendant); *Lyles v. State*, 582 S.W.2d 138, 141 (Tex. Crim. App. [Panel Op.] 1979); *Gonzales v. State*, 532 S.W.2d 343, 345 (Tex. Crim. App. 1976). Other than Williams' letters to counsel, there is nothing in the record to suggest appellate counsel did not provide a thorough review of the record, and we have concluded counsel's assessment is correct—there are no meritorious grounds here for appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment

that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[3]

Jack Carter
Justice

Date Submitted:    September 17, 2013
Date Decided:    October 17, 2013

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.